UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| RADLEY BRADFORD,<br><br>     Plaintiff,<br><br>v.<br><br>TRANSUNION, LLC,<br><br>     Defendant. | Case No. 4:23-cv-04818 |

## COMPLAINT

**NOW COMES** RADLEY BRADFORD ("Plaintiff"), by and through the undersigned counsel, complaining as to the conduct of the TRANSUNION, LLC ("TransUnion" and "Defendant"), as follows:

### NATURE OF THE ACTION

1. Plaintiff brings this action seeking redress for Defendant's violations of the Fair Credit Reporting Act ("FCRA") pursuant to 15 U.S.C. § 1681.

### JURISDICTION AND VENUE

2. Subject matter jurisdiction is conferred upon this Court by the FCRA and 28 U.S.C. §§ 1331 and 1337, as the action arises under the laws of the United States.

3. Venue is proper in this Court pursuant to 28 U.S.C. § 1391 as Plaintiff resides in the Southern District of Texas, and all of the events or omissions giving rise to the claims occurred in the Southern District of Texas.

### PARTIES

4. Plaintiff is a consumer and a natural person, over 18-years-of-age, who at all times relevant, resides in the Southern District of Texas.

1

5.      Defendant is a Delaware limited liability corporation with its principal place of business located in Chicago, Illinois. TransUnion is regularly engaged in the business of assembling, evaluating, and disbursing information concerning consumers for the purpose of furnishing consumer reports and credit files to third parties bearing on a consumer's credit worthiness, credit standing, and credit capacity on a nationwide basis, including in the State of Texas.

**FACTS SUPPORTING CAUSE OF ACTION**

6.      Plaintiff has been experiencing a prolonged dispute with Defendant as Plaintiff's credit file is entangled with that of another individual who shares a similar name but possesses a different social security number.

7.      Specifically, Plaintiff was unable to access his TransUnion credit file through Annualcreditreport.com where he would be able to review his credit reports for the three major credit reporting agencies.[1]

8.      To address the matter, Plaintiff directly communicated with Defendant and spoke to a representative. Plaintiff explained his impediment in accessing his TransUnion credit report through Annual Credit Report.

9.      The representative acknowledged to Plaintiff the existence of "two files" associated with similar names but different social security numbers, and because of this TransUnion put a "freeze" on Plaintiff's account to investigate the matter.

10.     Plaintiff expressed to the representative that this issue has persisted over an extended period of time and that he would like to have the matter resolved. Plaintiff requested to

---

[1] https://www.annualcreditreport.com/index.action (this website is authorized by Federal law).

speak with a supervisor and assurances of a callback were provided, however, no subsequent communication or resolution occurred.

11. Defendant is continuing to report two tradelines that do not belong to Plaintiff.

12. Defendant has been reporting derogatory and inaccurate information relating to Plaintiff and Plaintiff's credit history to third parties. The inaccurate information consists of accounts and/or tradelines that do not belong to Plaintiff.

13. Plaintiff has disputed this information multiple times and Defendant has responded by verifying inaccurate information as accurate to Plaintiff and multiple third parties.

14. Despite Plaintiff's request for investigation, Defendant has failed to resolve the matter and continues to report inaccurate and misleading information to Plaintiff's TransUnion credit file.

15. The reporting of the inaccurate information on Plaintiff's credit file is patently incorrect and creates a materially misleading impression that the inaccurate information belongs to Plaintiff. However, upon information and belief, the inaccurate information in Plaintiff's credit file was being mixed with that of another, possibly a "Radley Bradford."

16. TransUnion has been reporting the inaccurate information through the issuance of false and derogatory credit information and consumer credit reports that it has disseminated to various persons and credit grantors, both known and unknown.

17. Concerned about the violations of his rights and invasion of privacy, Plaintiff sought the assistance of counsel to cease Defendant's inaccurate and derogatory credit reporting.

### IMPACT OF INCORRECT REPORTING ON PLAINTIFF'S CREDIT FILE

18. As of today, the erroneous reporting of the inaccurate information continues to paint a false and damaging image of Plaintiff. Defendant has yet to completely update the inaccurate information to accurately reflect Plaintiff's disputes.

19. The entire experience has imposed upon Plaintiff significant distrust, frustration, distress, and has rendered Plaintiff helpless as to his ability to regain his good name and the credit rating that he deserves and has worked hard to earn.

20. Despite Plaintiff's exhaustive efforts to date, Defendant has nonetheless willfully and negligently repeatedly failed to perform reasonable investigations of the disputed inaccurate information in Plaintiff's credit file as required by the FCRA. Defendant continues to report the derogatory inaccurate information about Plaintiff.

21. As a result of the conduct, actions, and inactions of the Defendants, Plaintiff has suffered various types of damages as set forth herein, including specifically, expenses and time incurred curing and remediating fraudulent account activity, time and expenses reasonably incurred to prevent future fraudulent activity, credit monitoring, constant vigilance in detecting fraudulent account activity, out-of-pocket expenses, the loss and denial of credit, the loss of credit opportunities, loss of the use of funds, injury to reputation and credit rating the loss of ability to purchase and benefit from a credit line, local or long distance telephone calls, postage, time and money expended meeting with his attorneys, monitoring her credit file, mental and emotional pain and suffering, and other frustration and aggravation associated with possessing accounts that do not belong to him.

22. Due to the conduct of the Defendants, Plaintiff was forced to retain counsel to resolve the erroneous credit reporting of the inaccurate information that does not belong to him.

### COUNT I - VIOLATION OF THE FAIR CREDIT REPORTING ACT
### 15 U.S.C. § 1681e(b)

23. Plaintiff restates and realleges paragraphs 1 through 22 as though fully set forth herein.

24. TransUnion is a "consumer reporting agency" as defined by 15 U.S.C. § 1681a(f).

25. TransUnion is a "consumer reporting agency that compiles and maintains files on consumers on a nationwide basis" as defined by 15 U.S.C. § 1681a(p).

26. At all times relevant, the above mentioned credit reports were "consumer reports" as that term is defined by § 1681a(d)(1).

27. At all times relevant, Plaintiff was a "consumer" as the term is defined by 15 U.S.C. § 1681a(c).

28. The FCRA mandates that "[w]henever a consumer reporting agency prepares a consumer report it shall follow reasonable procedures to assure maximum possible accuracy of the information concerning the individual about whom the report relates." 15 U.S.C. § 1681e(b).

29. The FCRA requires that the credit reporting industry to implement procedures and systems to promote accurate credit reporting.

30. TransUnion violated 15 U.S.C. § 1681e(b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in preparation of the consumer reports it furnished and refurnished regarding Plaintiff. On numerous occasions, TransUnion has prepared a patently false and a materially misleading consumer report concerning Plaintiff.

31. TransUnion knew that the inaccurate information contained in Plaintiff's credit file did not belong to him after Plaintiff put TransUnion on notice on that Plaintiff's consumer report contained inaccurate and materially misleading information.

32. By deviating from the standards established by the credit reporting industry and the FCRA, TransUnion acted with reckless disregard for its duties to report accurate and complete consumer credit information.

33. Despite actual knowledge that Plaintiff's credit file was mixed with that of another person, TransUnion readily sold false reports to one or more third parties, thereby misrepresenting critical facts about Plaintiff.

34. TransUnion knew or should have known that once a person notifies it that they have inaccurate information that does not belong to them, TransUnion should have attached a "Do Not Merge" tag on Plaintiff's credit file to ensure that it would not continue to mix Plaintiff's credit file with another person.

35. TransUnion's refusal to correct patently false and materially misleading information as mandated by the FCRA reveals a conscious disregard of the rights of Plaintiff and consumers in general.

36. As demonstrated by the facts, TransUnion's conduct was willful and wanton and displayed a reckless disregard of the rights of Plaintiff.

37. As stated above, Plaintiff was severely harmed by TransUnion's conduct.

**WHEREFORE**, Plaintiff RADLEY BRADFORD, respectfully requests this Honorable Court enter judgment in his favor as follows:

a. Declare that the practices complained of herein are unlawful and violate the aforementioned statute;

b. An order directing that TransUnion immediately delete all of the inaccurate information from Plaintiff's credit reports and credit files;

c. Award Plaintiff actual damages, in an amount to be determined at trial, for the underlying FCRA violations, pursuant to 15 U.S.C. § 1681n and 15 U.S.C. § 1681o;

d. Award Plaintiff statutory damages of $1,000.00 for each of the underlying FCRA violations, pursuant to 15 U.S.C. § 1681n;

  e.  Award Plaintiff punitive damages, in an amount to be determined at trial, for the underlying FCRA violations, pursuant to 15 U.S.C. § 1681n;

  f.  Award Plaintiff costs and reasonable attorney's fees as provided under 15 U.S.C. §1681n(3) and 15 U.S.C. § 1681o(2); and

  g.  Award any other relief as this Honorable Court deems just and appropriate.

<u>**COUNT IV - VIOLATION OF THE FAIR CREDIT REPORTING ACT**</u>
<u>15 U.S.C. § 1681i-§ 1681g</u>

38. Plaintiff restates and realleges paragraphs 1 through 37 as though fully set forth herein.

39. The FCRA mandates that a Credit Reporting Agency ("CRA") conduct an investigation of the accuracy of information "[i]f the completeness or accuracy of any item of information contained in a consumer's file is disputed by the consumer." *See* 15 U.S.C. § 1681i(a)(1). The Act imposes a 30-day time limitation for the completion of such an investigation. *Id.*

40. The FCRA provides that if a CRA conducts an investigation of disputed information and confirms that the information is, in fact, inaccurate, or is unable to verify the accuracy of the disputed information, the CRA is required to delete that item of information from the consumer's file. *See* 15 U.S.C. § 1681i(a)(5)(A).

41. TransUnion violated 15 U.S.C. § 1681i(a)(1) by failing to conduct a reasonable reinvestigation to determine whether the disputed information was accurate, to record the current status of the disputed information, and to subsequently delete or correct the information on Plaintiff's credit file.

42. TransUnion acknowledged the existence of "two files" associated with similar names but different social security numbers, however, TransUnion failed to correct the inaccurate information.

43. Had TransUnion conducted any investigation, it would have updated Plaintiff's consumer file to reflect accurate information that belongs to Plaintiff.

44. Instead, TransUnion continued to report erroneous information on Plaintiff's credit reports.

45. Had TransUnion taken any steps to investigate Plaintiff's valid disputes, it would have determined that Plaintiff's credit file was being linked to that of another.

46. TransUnion violated 15 U.S.C. § 1681i(a)(5) by failing to delete or modify the incorrect information that was the subject of Plaintiff's disputes.

47. TransUnion violated 15 U.S.C. § 1681i(a)(5)(B) by reporting disputed information without certification that the information was complete and accurate, and without sending notice of the re-reporting to Plaintiff.

48. TransUnion violated 15 U.S.C. § 1681i(c) by failing to note Plaintiff's disputes on the inaccurate information in subsequent consumer reports.

49. TransUnion violated 15 U.S.C. § 1681g(a)(1) by failing to completely and accurately disclose to Plaintiff all the information in Plaintiff's credit file when Plaintiff tried to access his TransUnion credit report so Plaintiff can assess his file for inaccuracies.

50. Despite actual knowledge that Plaintiff's credit file has been merged with that of another containing erroneous information, TransUnion readily sold Plaintiff's inaccurate and misleading report to one or more third parties, thereby misrepresenting critical facts about Plaintiff, thus adversely affecting Plaintiff's creditworthiness.

51. Upon information and belief, TransUnion does not conduct independent investigations into consumer disputes, and merely parrots information provided by data furnishers.

52. As stated above, Plaintiff was severely harmed by TransUnion's conduct.

**WHEREFORE**, Plaintiff RADLEY BRADFORD, respectfully requests this Honorable Court enter judgment in his favor as follows:

a. Declare that the practices complained of herein are unlawful and violate the aforementioned statute;

b. An order directing that TransUnion immediately delete all of the inaccurate information from Plaintiff's credit reports and credit files;

c. Award Plaintiff actual damages, in an amount to be determined at trial, for each of the underlying FCRA violations;

d. Award Plaintiff statutory damages of $1,000.00 for each violation of the FCRA, pursuant to 15 U.S.C. § 1681n;

e. Award Plaintiff punitive damages, in an amount to be determined at trial, for the underlying FCRA violations, pursuant to 15 U.S.C. § 1681n and 15 U.S.C. §1681o;

f. Award Plaintiff costs and reasonable attorney's fees as provided under 15 U.S.C. § 1681n and 15 U.S.C. § 1681o; and

g. Award any other relief as this Honorable Court deems just and appropriate.

**Plaintiff demands trial by jury.**

Dated: December 27, 2023                                Respectfully Submitted,

*s/ Marwan R. Daher*
Marwan R. Daher, Esq.
*Counsel for Plaintiff*
Sulaiman Law Group, Ltd
2500 S Highland Ave, Suite 200
Lombard, IL 60148
Telephone: (630) 575-8181
mdaher@sulaimanlaw.com